UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>S. SHERMAN, et al.,<br><br>　　　　　Defendants. | Case No. 1:19-cv-00034-DAD-SKO (PC)<br><br>**THIRD SCREENING ORDER**<br><br>(Doc. 23)<br><br>21-DAY DEADLINE |

Plaintiff Andre L. Revis alleges the defendants denied him a kosher diet in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act. (Doc. 23.) The Court finds that Plaintiff's third amended complaint[1] fails to state a claim on which relief can be granted. Because Plaintiff may be able to cure the deficiencies in his pleading, the Court grants him <u>one final opportunity</u> to amend his complaint.

**I.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant

---

[1] Plaintiff filed a third amended complaint (Doc. 23) before the Court had an opportunity to screen his second amended complaint (Doc. 20).

who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.     PLEADING REQUIREMENTS

### A. Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the liberal pleading standard … applies only to a plaintiff's factual allegations," not his legal theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal quotation marks and citation omitted), and courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

2

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. DISCUSSION

### A. Plaintiff's Allegations

Plaintiff alleges the defendants have denied his right to participate in the "kosher meal program in accordance with his religious practices" at Substance Abuse Treatment Facility and State Prison (SATF). (Doc. 23 at 3.) Plaintiff names as defendants J. Moore, community resources manager; D. Alvarez, prison chaplain; R. Guembe, prison chaplain; P. Schaeffer, prison rabbi; and J. Corral, appeals coordinator. (*Id.* at 1, 2-3.) Unlike in his first amended complaint, Plaintiff does not name K. Huffman, correctional lieutenant; J. Dominguez, appeals examiner; M. Voong, chief appeals examiner; and S. Sherman, warden of SATF, in the opening sections of his third amended complaint. (*Compare* Doc. 12 at 1, 2-3, 4 *with* Doc. 23 at 1, 2-3.) However, Plaintiff names Huffman, Dominguez, Voong, and Sherman as defendants in the requested-relief section of the complaint. (Doc. 23 at 8-9.) The Court therefore will treat them as defendants.

Plaintiff states that he has submitted several "religious diet program requests" and related administrative grievances. (*Id.* at 3-4.) Guembe conducted a "religious diet program interview" in August 2016, and thereafter denied Plaintiff's "participation" in the kosher meal program. (*Id.*) Schaeffer previously interviewed Plaintiff and denied his participation in January 2016. (*See id.*) In 2016 and 2017, Corral screened out a number of Plaintiff's administrative grievances regarding the denials. (*See id.* at 4.)

At one point, Moore told Plaintiff "that he would make the necessary correction in order for the plaintiff to … receive … a[] kosher diet." (*Id.* at 4-5.) Plaintiff was interviewed in October 2017, but he was again denied participation by Moore and Alvarez. (*Id.* at 5.) Plaintiff appealed the decisions, but his appeals were denied at the second and third levels of review. (*Id.*) Plaintiff alleges the defendants who denied his participation "collu[ded]" with "decisionmakers" at "the second and third level of appeal." (*Id.* at 5.)

Plaintiff alleges that the "acts and omissions" of Schaeffer, Moore, Alvarez, and Guembe "forced him to act contrary to his religious beliefs and practices and exerted substantial pressure on him causing Plaintiff to modify his behavior." (*Id.* at 5-6.) Plaintiff further alleges that these defendants, along with Corral, Huffman, Dominguez, Voong, and Sherman, "conspired in a[] decision of denying Plaintiff's rights to exercise his religious practices." (*Id.* at 6.)

**B.  Claims for Relief**

1.  <u>Free Exercise Clause of the First Amendment</u>

"Inmates … retain protections afforded by the First Amendment, … including its directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987) (citations omitted). However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." *Id*. (internal quotation marks and citation omitted).

A plaintiff asserting a free exercise claim must show that the defendant's actions substantially burden her practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir. 2015). "A substantial burden … place[s] more than an inconvenience on religious exercise; it must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal quotation marks and citations omitted). "[A] prison policy that intentionally puts significant pressure on inmates … to abandon their religious beliefs ... imposes a substantial burden on [the inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal quotation marks and citation omitted).

///

Once a plaintiff establishes that state action substantially burdens her exercise of religion, "the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest." *Id.* In the prison context, the Supreme Court has held that alleged infringements of prisoners' free exercise rights are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349 (citation omitted). The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id*. (internal quotation marks and citation omitted). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (citations omitted).

Here, Plaintiff fails to state a cognizable free exercise claim. He does not provide facts that show (1) he has sincerely held religious beliefs, and (2) the denial of a kosher diet substantially pressures him to violate or abandon those beliefs.

Plaintiff states that Defendants Schaeffer, Moore, Alvarez, and Guembe "forced him to act contrary to his religious beliefs … and exerted substantial pressure on him causing Plaintiff to modify his behavior." (Doc. 23 at 5-6.) But Plaintiff provides no facts to support this conclusory statement.  As explained in section II.A, *supra*, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted). If he chooses to file a fourth amended complaint, Plaintiff must show not only that these defendants denied him a kosher diet (when they had the authority to provide him such a diet), he must also provide facts that show that the denial of the kosher diet substantially pressures him to violate or abandon his religious beliefs.

Plaintiff also fails to link Corral, Huffman, Dominguez, Voong, and Sherman to his claims. To the extent that Plaintiff names any of these defendants solely because he is a supervisor, the Court notes that section 1983 does not impose liability on a supervisor simply because his subordinates have violated Plaintiff's rights. *See Iqbal*, 556 U.S. at 676-77. To impose liability, Plaintiff must allege specific misdeeds that each defendant committed, rather than the misdeeds of those he or she supervised. *See id.*

To the extent that Plaintiff names any of these defendants solely because he cancelled or denied an administrative grievance, the Court notes that "inmates lack a separate constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Plaintiff must show that each defendant's actions or failures to act *caused* him to be denied a kosher diet. *See Johnson*, 588 F.2d 743. The denial of an administrative grievance, standing alone, fails to make this showing. If Plaintiff cannot make this showing with respect to any of the defendants, he should not include those defendants in an amended complaint.

Plaintiff's allegation that the defendants "conspired" to deny his free exercise rights (Doc. 23 at 6.) is also conclusory. Plaintiff does not allege any facts "showing or suggesting an agreement or a meeting of the minds to violate plaintiff's constitutional rights." *Avery v. Virga*, No. 2:11-cv-01945-DAD, 2013 WL 4523517, at *4 (E.D. Cal. 2013).

    2.   <u>Religious Land Use and Institutionalized Persons Act</u>

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act (RLUIPA). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, … unless the government demonstrates that imposition of the burden on that person … is in furtherance of a compelling governmental interest … and is the least restrictive means of furthering that … interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7). As with the First Amendment, under the RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted).

RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt*, 135 S. Ct. at 862. With RLUIPA, the "'substantial burden' inquiry asks whether the government has substantially burdened religious exercise…, not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.*

1    Once a plaintiff has shown that government action has substantially burdened her exercise
2 of religion, the burden shifts to the government to show that the challenged conduct furthers a
3 compelling government interest and is the lease restrictive means of furthering that interest. *See*
4 *id.* at 863. "[I]f a less restrictive means is available for the Government to achieve its goals, the
5 Government must use it." *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 815 (2000).
6 At the same time, in the prison context, "[c]ourts are expected to apply RLUIPA's standard with
7 'due deference to the experience and expertise of prison and jail administrators in establishing
8 necessary regulations and procedures to maintain good order, security and discipline, consistent
9 with consideration of costs and limited resources.'" *Hartmann*, 707 F.3d at 1124. (quoting *Cutter*
10 *v. Wilkinson*, 544 U.S. 709, 723 (2005)).

11    Plaintiff fails to state a cognizable claim under the RLUIPA. As with his free exercise
12 claim, Plaintiff does not allege *facts* that show that the defendants' denial of a kosher diet
13 substantially pressures him to violate or abandon his religious beliefs. Additionally, Plaintiff fails
14 to link Defendants Corral, Huffman, Dominguez, Voong, and Sherman to his claims.

15 **IV.    CONCLUSION AND ORDER**

16    For the reasons set forth above, Plaintiff does not state a cognizable claim for relief.
17 Because he may be able to cure the deficiencies in his pleading, the Court grants Plaintiff <u>one</u>
18 <u>final opportunity</u> to amend. **Within 21 days** of the date of service of this order, Plaintiff shall file
19 a fourth amended complaint curing the deficiencies identified herein. If Plaintiff no longer wishes
20 to pursue this action, he may file a notice of voluntary dismissal. If Plaintiff needs an extension of
21 time to comply with this order, he shall file a motion seeking an extension **no later than 21 days**
22 from the date of service of this order.

23    Plaintiff is informed that an amended complaint supersedes the original complaint and
24 prior amendments. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Thus, an amended
25 complaint must be "complete in itself without reference to the prior or superseded pleading."
26 Local Rule 220. The Court provides Plaintiff with an opportunity to amend his complaint to cure
27 the deficiencies identified in this order. However, Plaintiff may not change the nature of this suit
28 by adding unrelated claims in an amended complaint.

Accordingly, the Court **ORDERS**:

1. Plaintiff is **GRANTED** leave to file a fourth amended complaint;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form; and
3. **Within 21 days** from the date of service of this order, Plaintiff must file a fourth amended complaint curing the deficiencies identified in this order or, in the alternative, a notice of voluntary dismissal.

**If Plaintiff fails to comply with this order, the Court will recommend that this action be dismissed for failure to obey a court order**.

IT IS SO ORDERED.

Dated:  **July 27, 2020**                              /s/ *Sheila K. Oberto*
                                                     UNITED STATES MAGISTRATE JUDGE