UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ANDRE L. REVIS,

            Plaintiff,

    v.

S. SHERMAN, et al.,

            Defendants.

Case No. 1:19-cv-00034-DAD-SKO (PC)

**FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANT AND CLAIMS**

(Doc. 27)

21-DAY DEADLINE

Plaintiff Andre L. Revis alleges the defendants have denied him a kosher diet in violation of the First Amendment and the Religious Land Use and Institutionalized Persons Act. (Doc. 27.) The Court finds that Plaintiff's third amended complaint states cognizable claims against Defendants Moore, Alvarez, Guembe, and Shieffer, but not against Defendant Corral. Given that Plaintiff has received three opportunities to amend, the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012). Therefore, the Court recommends that Defendant Corral be dismissed.

**I.  SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant

1    who is immune from such relief. 28 U.S.C. § 1915A(b). The Court should dismiss a complaint if

2    it lacks a cognizable legal theory or fails to allege sufficient facts to support a cognizable legal

3    theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## II.    PLEADING REQUIREMENTS

### A.    Federal Rule of Civil Procedure 8(a)

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

exceptions." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 513 (2002). A complaint must contain

"a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

Civ. Pro. 8(a)(2). "Such a statement must simply give the defendant fair notice of what the

plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512 (internal

quotation marks and citation omitted).

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a

cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must

set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"

*Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Factual allegations are accepted as

true, but legal conclusions are not. *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

The Court construes pleadings of *pro se* prisoners liberally and affords them the benefit of

any doubt. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). However, "the

liberal pleading standard . . . applies only to a plaintiff's factual allegations," not his legal

theories. *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). Furthermore, "a liberal interpretation

of a civil rights complaint may not supply essential elements of the claim that were not initially

pled," *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (internal

quotation marks and citation omitted), and courts "are not required to indulge unwarranted

inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation

marks and citation omitted). The "sheer possibility that a defendant has acted unlawfully" is not

sufficient to state a cognizable claim, and "facts that are merely consistent with a defendant's

liability" fall short. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

### B. Linkage and Causation

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by persons acting under color of state law. *See* 42 U.S.C. § 1983. To state a claim under section 1983, a plaintiff must show a causal connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. *See Rizzo v. Goode*, 423 U.S. 362, 373-75 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (citation omitted).

## III. PLAINTIFF'S ALLEGATIONS

Plaintiff is incarcerated at Substance Abuse Treatment Facility and State Prison, Corcoran (SATF). (*See* Doc. 27 at 1-3.) He alleges the defendants have denied his right to participate in the prison's "religious kosher meal program in accordance with [his] religious belief/practices." (*Id.* at 3.) He names as defendants J. Moore, community resource manager at SATF; D. Alvarez, prison chaplain; R. Guembe, prison chaplain; P. Shieffer (sp), prison rabbi; and J. Corral, institutional appeals coordinator.[1] (*Id.* at 1, 2-3.)

Plaintiff states that Moore, Alvarez, Guembe, and Shieffer are members of the "institution prison religious committee." (*Id.* at 5.) On an unspecified date, Plaintiff submitted a "religious kosher diet request," which the committee denied for "insufficient evidence." (*Id.*) Plaintiff alleges that the denial prohibits him from adhering to the dietary requirements of the Old Testament, which provides him "spiritual nutrition that is beneficial to the mind, body, and soul." (*Id.* at 5-6.)

Thereafter, Shieffer interviewed Plaintiff via telephone. (*Id.* at 6.) On January 26, 2016, the religious committee again denied Plaintiff's request for a kosher diet. (*Id.*) Plaintiff filed an administrative grievance regarding the denial, which Corral rejected on March 2, 2016. (*See id.*)

---

[1] Unlike his first amended complaint, Plaintiff no longer names K. Huffman, J. Dominguez, M. Voong, or S. Sherman as defendants. (*Compare* Doc. 12 at 1, 2-4 *with* Doc. 27 at 1, 2-3.) Therefore, the Court deems these defendants voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012).

1   Between November 2016 and June 2017, Corral cancelled or rejected six of Plaintiff's

2   grievances. (*Id.* at 4-5.)

3       Plaintiff alleges that he then spoke with Moore, who told Plaintiff that "he would make

4   the necessary correction in order for [Plaintiff] to be placed on the kosher meal program list." (*Id.*

5   at 6.) However, Plaintiff continued to be denied kosher meals. (*See id.* at 6-7.)

6       Plaintiff submitted another request for a kosher diet on September 20, 2017. (*Id.* at 7.) On

7   October 9, 2017, Guembe interviewed him regarding the request. (*Id.*) On October 18, 2017,

8   Moore and Alvarez denied the request based on "insufficient evidence." (*Id.*) Plaintiff submitted a

9   grievance regarding the denial, which was also denied. (*Id.*)

10      Plaintiff contends that the defendants' refusal to provide him a kosher diet has "forced

11  [him] to act contrary to 'his' religious beliefs . . . causing [him] to . . . substitute 'his' diet," which

12  in turn has "caus[ed] [him] to suffer stomach problems." (*Id.* at 8.)

13  **IV.    DISCUSSION**

14      **A.  Free Exercise Clause of the First Amendment**

15      "Inmates . . . retain protections afforded by the First Amendment, . . . including its

16  directive that no law shall prohibit the free exercise of religion." *O'Lone v. Estate of Shabazz*, 482

17  U.S. 342, 348 (1987) (citations omitted). However, "[l]awful incarceration brings about the

18  necessary withdrawal or limitation of many privileges and rights, a retraction justified by the

19  considerations underlying our penal system." *Id.* (internal quotation marks and citation omitted).

20      A plaintiff asserting a free exercise claim must show that the defendant's actions

21  substantially burden her practice of religion. *See Jones v. Williams*, 791 F.3d 1023, 1031 (9th Cir.

22  2015). "A substantial burden . . . place[s] more than an inconvenience on religious exercise; it

23  must have a tendency to coerce individuals into acting contrary to their religious beliefs or exert

24  substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Id.* (internal

25  quotation marks and citations omitted). "[A] prison policy that intentionally puts significant

26  pressure on inmates . . . to abandon their religious beliefs . . . imposes a substantial burden on [the

27  inmate's] religious practice." *Shakur v. Schriro*, 514 F.3d 878, 889 (9th Cir. 2008) (internal

28  quotation marks and citation omitted).

Once a plaintiff establishes that state action substantially burdens her exercise of religion, "the government bears the burden of establishing that the regulation serves a compelling government interest and is the least restrictive means of achieving that interest." *Id.* In the prison context, the Supreme Court has held that alleged infringements of prisoners' free exercise rights are "judged under a 'reasonableness' test less restrictive than that ordinarily applied to alleged infringements of fundamental constitutional rights." *O'Lone*, 482 U.S. at 349 (citation omitted). The challenged conduct "is valid if it is reasonably related to legitimate penological interests." *Id.* (internal quotation marks and citation omitted). "[T]he availability of alternative means of practicing religion is a relevant consideration" for claims under the First Amendment. *Holt v. Hobbs*, 135 S. Ct. 853, 862 (2015) (citations omitted).

Plaintiff states cognizable free exercise claims against Defendants Moore, Alvarez, Guembe, and Shieffer. He alleges that these defendants, as members of SATF's "institution religious committee," have denied his requests for a kosher diet, which has caused him to act contrary to his religious beliefs and practices. (*See* Doc. 27 at 5-8.) At the screening stage, the Court is unable to consider any alleged governmental or penological interests in the matter, as the defendants have not yet appeared in the case. However, liberally construing his complaint, the Court finds that Plaintiff sets forth "sufficient factual matter . . . to state a [free exercise] claim that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted).

Plaintiff fails to state a cognizable claim against Defendant Corral. Plaintiff's factual allegations against Corral are limited to the defendant's cancellations or rejections of administrative grievances. (*See* Doc. 27 at 4-8.) As explained in the Court's Third Screening Order, (Doc. 24 at 6), prisoners "lack a . . . constitutional entitlement to a specific prison grievance procedure." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Plaintiff also fails to state a cognizable conspiracy claim. To state a conspiracy claim under section 1983, a plaintiff "must show an agreement or meeting of the minds to violate constitutional rights." *Franklin v. Fox*, 312 F.3d 423, 441 (9th Cir. 2002) (internal quotation marks and citation omitted). Plaintiff alleges that the defendants "conspired together in an

elaborate scheme to deny [his] rights. . ." (Doc. 27 at 8.) This statement, however, is conclusory. Plaintiff provides no facts "showing or suggesting an agreement or a meeting of the minds to violate [his] constitutional rights." *Avery v. Virga*, No. 2:11-cv-01945-DAD, 2013 WL 4523517, at *4 (E.D. Cal. 2013). Plaintiff's allegations that multiple defendants violated his First Amendment rights are insufficient to show that the defendants shared a common objective of denying those rights.

### B. Religious Land Use and Institutionalized Persons Act

A prisoner's ability to freely exercise his religion is also protected by the Religious Land Use and Institutionalized Persons Act (RLUIPA). The RLUIPA provides that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, . . . unless the government demonstrates that imposition of the burden on that person . . . is in furtherance of a compelling governmental interest . . . and is the least restrictive means of furthering that . . . interest." 42 U.S.C.A. § 2000cc-1(a). "RLUIPA defines 'religious exercise' to include 'any exercise of religion, whether or not compelled by, or central to, a system of religious belief.'" *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1124 (9th Cir. 2013); 42 U.S.C. § 2000cc-5(7). As with the First Amendment, under the RLUIPA, the government imposes a "substantial burden" on a prisoner when it puts "substantial pressure on [him] to modify his behavior and to violate his beliefs." *Hartmann*, 707 F.3d at 1125 (citation omitted).

RLUIPA is more protective than the First Amendment, in that the availability of alternative means of practicing religion is irrelevant to whether the Act has been violated. *See Holt*, 135 S. Ct. at 862. With RLUIPA, the "'substantial burden' inquiry asks whether the government has substantially burdened religious exercise . . ., not whether the RLUIPA claimant is able to engage in other forms of religious exercise." *Id.*

Once a plaintiff has shown that government action has substantially burdened her exercise of religion, the burden shifts to the government to show that the challenged conduct furthers a compelling government interest and is the lease restrictive means of furthering that interest. *See id.* at 863. "[I]f a less restrictive means is available for the Government to achieve its goals, the

Government must use it." *United States v. Playboy Entm't Grp., Inc.*, 529 U.S. 803, 815 (2000). At the same time, in the prison context, "[c]ourts are expected to apply RLUIPA's standard with 'due deference to the experience and expertise of prison and jail administrators in establishing necessary regulations and procedures to maintain good order, security and discipline, consistent with consideration of costs and limited resources.'" *Hartmann*, 707 F.3d at 1124. (quoting *Cutter v. Wilkinson*, 544 U.S. 709, 723 (2005)).

For the same reasons Plaintiff states cognizable free exercise claims, *see* section IV.A, *supra*, Plaintiff states cognizable RLUIPA claims against Defendants Moore, Alvarez, Guembe, and Shieffer. Plaintiff does not state a cognizable claim against Defendant Corral because he fails to show that Corral's actions caused him to be denied a kosher diet. As with Plaintiff's First Amendment claims, the Court is unable, at the screening stage, to consider any alleged governmental interests with respect to Plaintiff's RLUIPA claims.

## V.        CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, the Court finds that Plaintiff's third amended complaint (Doc. 27) states cognizable First Amendment and RLUIPA claims against Defendants Moore, Alvarez, Guembe, and Shieffer. Plaintiff's remaining claims are not cognizable. Given that Plaintiff has received three opportunities to amend (Docs. 9, 14, 24), the Court finds that further amendment would be futile. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212-13 (9th Cir. 2012).

Accordingly, the Court RECOMMENDS that:

1.  Defendant Corral be DISMISSED; and,

2.  The claims in Plaintiff's third amended complaint be DISMISSED, <u>except</u> for its claims against Defendants Moore, Alvarez, Guembe, and Shieffer for violation of the Free Exercise Clause of the First Amendment, pursuant to 42 U.S.C. § 1983, and for violation of the RLUIPA.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **<u>Within 21 days</u>** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and

7

Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 20, 2021**                              /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE