1

2

3

4

5

6

7

8               UNITED STATES DISTRICT COURT

9               EASTERN DISTRICT OF CALIFORNIA

10

11   ANDRE L. REVIS,                          Case No. 1:19-cv-00034-DAD-SKO (PC)

12              Plaintiff,                     **FINDINGS AND RECOMMENDATIONS
                                              TO GRANT DEFENDANTS' MOTION TO
13        v.                                   REVOKE PLAINTIFF'S *IN FORMA
                                              PAUPERIS* STATUS**
14   J. MOORE, et al.,
                                              (Doc. 40)
15              Defendants.
                                              21-DAY DEADLINE
16

17        Before the Court is Defendants' motion to revoke Plaintiff's *in forma pauperis* status.

18   (Doc. 40.) Because Plaintiff accrued more than three "strikes" under 28 U.S.C. § 1915(g) prior to

19   filing suit, and failed to show that he was under imminent danger of serious physical injury at the

20   time he filed his complaint, the Court recommends that Defendants' motion be granted.

21   **I.    THREE-STRIKES PROVISION OF 28 U.S.C. § 1915**

22        28 U.S.C. § 1915 governs *in forma pauperis* proceedings. The statute provides, "[i]n no

23   event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more

24   prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a

25   court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails

26   to state a claim upon which relief may be granted, unless the prisoner is under imminent danger

27   of serious physical injury." 28 U.S.C. § 1915(g).

28   ///

1    **II.    DISCUSSION**

2          Per Defendants' request (Doc. 40-1), the Court takes judicial notice of four of Plaintiff's

3    prior actions that were dismissed for failure to state a claim on which relief can be granted[1]:

4    (1) *Revis v. Enenmoh, et al.*, No. 1:12-cv-01988-SAB (E.D. Cal. Apr. 30, 2014); (2) *Revis v.*

5    *Jarvis, et al.*, No. 1:13-cv-01197-LJO-DLB (E.D. Cal. Sept. 17, 2014); (3) *Revis v. Salinas, et al.*,

6    No. 1:13-cv-00059-AWI-DLB (E.D. Cal. Jan. 29, 2015); and (4) *Revis v. Diaz, et al.*, No. 1:15-

7    cv-00378-DAD-BAM (E.D. Cal. Jan. 10, 2018). Plaintiff does not meaningfully dispute that each

8    of these cases was dismissed for failure to state a claim and, therefore, counts as strikes under 28

9    U.S.C. § 1915(g). (*See generally* Doc. 41.) Given that the cases were dismissed before Plaintiff

10   initiated the current action on January 8, 2019, Plaintiff is precluded from proceeding *in forma*

11   *pauperis* in this action unless he was under imminent danger of serious physical injury at the time

12   he filed suit. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

13         In his complaint, Plaintiff alleges officials at Substance Abuse Treatment Facility and

14   State Prison, Corcoran, denied him kosher meals and participation in the prison's "religious diet

15   program." (Doc. 1 at 4-7.) Plaintiff does not allege, nor do his allegations suggest, that he was

16   under imminent danger of serious physical injury at the time he filed suit. Therefore, the

17   "imminent danger" exception to the "three strikes" rule does not apply, and Plaintiff may not

18   proceed *in forma pauperis* in this action.

19         Defendants contend that, "[w]hen a court denies a prisoner leave to proceed *in forma*

20   *pauperis* . . ., the proper procedure is to dismiss the complaint without prejudice." (Doc. 40 at 4.)

21   While the Eleventh Circuit has explicitly held as much, *Dupree v. Palmer*, 284 F.3d 1234, 1236

22   (11th Cir. 2002), the Ninth Circuit has not, *Hardney v. Turner*, No. 2:14-cv-02962-MCE-DBP,

23   2017 WL 342469, at *6 (E.D. Cal. 2017), *Rider v. Parente*, No. 2:09-cv-00637-MCE-DAD, 2011

24   WL 2745986, at *5 n.7 (E.D. Cal. 2011); *but see Tierney v. Kupers*, 128 F.3d 1310, 1311-12 (9th

25   Cir. 1997) (affirming dismissal upon denial of IFP by the district court). Here, the Court finds it

26   appropriate to grant Plaintiff an opportunity to pay the filing fee, given that this case has been

27   ongoing for over two years. If Plaintiff fails to pay the fee, then this case should be dismissed.

28
---
[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

III.   **RECOMMENDATIONS**

Based on the foregoing, the Court RECOMMENDS that:

1.  Defendants' motion to revoke Plaintiff's *in forma pauperis* status (Doc. 40) be GRANTED; and,

2.  Plaintiff be allowed 30 days from the date of adoption of these Findings and Recommendations to pay the filing fee in full.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 21 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:    **October 28, 2021**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE