UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE L. REVIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>J. MOORE, et al.,<br><br>　　　　　Defendants. | No. 1:19-cv-00034-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY PLAINTIFF'S MOTIONS TO REOPEN CASE**<br><br>(Docs. 48 & 49) |

Plaintiff Andre L. Revis is a state prisoner proceeding *pro se* in this civil rights action brought pursuant to 42 U.S.C. § 1983.

**I.      RELEVANT BACKGROUND**

Plaintiff initiated this action on January 8, 2019. (Doc. 1.) On January 31, 2019, Plaintiff's motion to proceed *in forma pauperis* was granted. (Doc. 8.)

Following initial screening (*see* Doc. 9), Plaintiff filed a first amended complaint on September 25, 2019. (Doc. 12.)

In a second screening order issued February 20, 2020, the Court determined that Plaintiff did not state a cognizable claim for relief. (Doc. 14.) Plaintiff was afforded 21 days within which to file a second amended complaint. (*Id*. at 8.)

When more than 21 days passed without the filing of a second amended complaint, the Court issued an Order to Show Cause (OSC) why the action should not be dismissed for

1  Plaintiff's failure to comply with a court order. (Doc. 15.) Plaintiff was ordered to show cause in
2  writing why the action should not be dismissed, or, alternatively, to file a second amended
3  complaint or voluntary dismissal, within 21 days. (*Id*. at 2.)
4  Following Plaintiff's motions for extension of time (Docs. 16 & 17), on April 2, 2020, the
5  Court discharged the OSC and granted Plaintiff an extension of time of 30 days within which to
6  file a second amended complaint. (Doc. 18.) On April 30, 2020, Plaintiff filed his second
7  amended complaint. (Doc. 20.)  On May 6, 2020, Plaintiff filed a third amended complaint. (Doc.
8  23.)
9  In a third screening order issued July 28, 2020, Plaintiff was advised his third amended
10 complaint failed to state a claim upon which relief could be granted. (Doc. 24.) The Court granted
11 Plaintiff one final opportunity to amend his complaint curing the deficiencies identified in the
12 screening order; Plaintiff was provided 21 days within which to do so. (Id. at 8.)
13 Following another extension of time, Plaintiff filed his fourth amended complaint on
14 September 4, 2020. (Doc. 27.)
15 On May 21, 2021, the Court issued Findings and Recommendations to dismiss Defendant
16 Corral, and to dismiss Plaintiff's claims except for the claims against Defendants Moore, Alvarez,
17 Guembe, and Shieffer for violation of the Free Exercise Clause of the First Amendment, pursuant
18 to 42 U.S.C. § 1983, and for violation of the Religious Land Use and Institutionalized Persons
19 Act (RLUIPA). (Doc. 29.) Plaintiff was afforded 21 days within which to file any objections. (*Id*.
20 at 7-8.)  Plaintiff did not file objections.
21 On July 19, 2021, District Judge Dale A. Drozd issued an Order Adopting the findings
22 and recommendations in full and referring the case back to the assigned magistrate judge for
23 further proceedings. (Doc. 30.)  Thereafter, service on Defendants Moore, Alvarez, Guembe, and
24 Shieffer was effected. (*See* Docs. 31-35, 37-38.)
25 On September 17, 2021, Defendants filed a Motion to Revoke Plaintiff's *In Forma*
26 *Pauperis* Status and Dismiss the Complaint. (Doc. 40.) Plaintiff opposed the motion (Doc. 41)
27 and Defendants replied (Doc. 42).  On October 29, 2021, the undersigned issued Findings and
28 Recommendations to Grant Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis* Status.

2

1  (Doc. 43.) The Court took judicial notice of four prior actions filed by Plaintiff that were
2  dismissed for a failure to state a claim upon which relief could be granted, and determined that
3  Plaintiff was precluded from proceeding *in forma pauperis* (IFP) pursuant to 28 U.S.C. § 1915(g).
4  (*Id*. at 2.) The undersigned also found Plaintiff did not meet the imminent danger of serious
5  physical injury exception, and recommended Defendants' motion be granted, revoking Plaintiff's
6  IFP status, and allowing Plaintiff 30 days from the adoption of the findings to pay the filing fee in
7  full. (*Id*. at 3.) Plaintiff was also afforded 21 days within which to file any objections. (*Id*.)
8  Plaintiff filed objections on November 8, 2021. (*See* Doc. 44.)

9  On November 24, 2021, Judge Drozd issued an Order Adopting Findings and
10 Recommendations and Granting Defendants' Motion to Revoke Plaintiff's *In Forma Pauperis*
11 Status. (Doc. 45.)  Plaintiff was ordered to pay the $400 filing fee in full within 30 days of the
12 date of service of the order, in order to proceed with the action. (*Id*. at 2.) The order included the
13 following caution: "Plaintiff is forewarned that failure to pay the filing fee within the specified
14 time will result in the dismissal of this action." (*Id*. at 3.)

15 When more than 30 days passed without the filing fee being paid, on February 7, 2022,
16 the Court issued its Order Dismissing Action Due to Plaintiff's Failure to Pay Filing Fee. (Doc.
17 46.) The action was "dismissed without prejudice" and the Clerk of the Court was directed to
18 close the case. (*Id*. at 2.) Judgment was entered that same date, (Doc. 47), and the case was
19 closed.

20 On July 29, 2022, Plaintiff filed a "Motion to Restate Plaintiff Civil Complaint Upon
21 Receipt of Payment of Order Filing Fees." (Doc. 48.)

22 On August 15, 2022, Plaintiff filed a "Motion to request and Move the Court to Reopen
23 and Reinstate the Above Entitle Matter with the Filing Fee Enclosed as Requested by the
24 Defendants' Counselor." (Doc. 49.)[1]

25 For the reasons discussed below, the undersigned will recommend Plaintiff's motions be
26 denied.

27
28 [1] A court only docket entry indicates a check in the sum of $400 was returned to Plaintiff on or about August 16, 2022.

3

**II. DISCUSSION**

Although Plaintiff does not set forth a rule of procedure, liberally construed, the Court will treat the motions as Rule 60 motions for relief from judgment or order. Fed. R. Civ. P. 60(b). Rule 60(b) provides in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged: it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). A motion under subsections (1), (2), and (3) must be filed within one year; motions made under the other subsections must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1).

Under the catch-all provision of Rule 60(b)(6), the court has the power to reopen a judgment even after one year. *Pioneer Inv. Servs. Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 393 (1993). Subsections (1) through (3) are mutually exclusive of subsection (6), and thus a party asserting "excusable neglect" may not seek relief more than a year after the judgment by relying on subsection (6). *Id.* (citing *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 863 n.11 (1988)).

Reconsideration of a prior order is an extraordinary remedy "to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d 977, 890 (9th Cir. 2000) (citations omitted); *see also Harvest v. Castro*, 531 F.3d 737, 749 (9th Cir. 2008) (addressing reconsideration under Rule 60(b)). In seeking reconsideration

under Rule 60, the moving party "must demonstrate both injury and circumstances beyond his control." *Harvest*, 531 F.3d at 749 (internal quotation marks & citations omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co*., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks & citations omitted).  Local Rule 230(j) requires, in relevant part, that a movant show "what new or different facts or circumstances are claimed to exist which did not exist or were not shown" previously, "what other grounds exist for the motion," and "why the facts or circumstances were not shown" at the time the substance of the order which is objected to was considered.

Here, Plaintiff filed his first motion more than five months after judgment was entered. Although otherwise timely, neither motion justifies relief. Plaintiff's motions indicate he was awaiting receipt of stimulus funds under the CARES Act in order to pay the required filing fee in this case. (*See* Doc. 48 at 1 & Doc. 49 at 2.) Plaintiff references a previous request for an extension of time within which to pay the filing fee in support of his motion. (*See* Doc. 49 at 1-2.) As reflected above, on November 8, 2021, Plaintiff filed Objections to the Court's October 2021 findings and recommendations. In that filing, Plaintiff requested an "extension of time in order to either obtain and/or make arrangements to 'pay' the court order mandates filing fees." (Doc. 44 at 1.) However, Plaintiff was not granted an extension of time and was instead ordered to pay the $400 filing fee within 30 days of the November 24, 2021, order. (Doc. 45 at 2.) Plaintiff was expressly forewarned "that failure to pay the filing fee within the specified time will result in the dismissal of this action." (*Id*. at 3.) Yet, Plaintiff never sought an extension of time to pay the filing fee following the November 2021 order. Nor does Plaintiff explain why he did not do so.

Here, Plaintiff is aware of the procedure for requesting an extension of time to comply with a court order. He did so no less than four times in this action before it was closed. (*See* Docs. 10, 16, 17, 25.) Plaintiff's failure to file an extension of time following Judge Drozd's November

2021 order that Plaintiff pay the filing fee within 30 days is, therefore, simply inexcusable.

The case was dismissed because Plaintiff failed to pay the filing fee after suffering three or more strikes pursuant to 28 U.S.C. 1915(g). (Docs. 45 & 46.) Plaintiff has failed to identify which subsection of Rule 60(b) or any other rule that would provide relief from the order of dismissal. The undersigned finds Plaintiff has neither asserted, nor made a showing of, mistake, inadvertence, surprise, or excusable neglect, nor a showing of fraud or newly discovered evidence. *See* Fed. R. Civ. P. 60(b)(1)-(3). Further, neither subsection (4) or (5) of Rule 60(b) are applicable here, and Plaintiff makes no showing in that regard. He neither asserts that the judgment in this action is void, nor that the judgment is based on an earlier judgment that has been reversed or vacated. There is also no other reason justifying relief. Fed. Civ. P. 60(b)(6).

In sum, Plaintiff has not set forth facts or law providing a basis upon which the Court should reverse its prior decision. Fed. R. Civ. P. 60(b); Local Rule 230(j). There are also no extraordinary or highly unusual circumstances justifying relief. *Kona Entres., Inc. v. Estate of Bishop*, 229 F.3d at 890; *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d at 880. Finally, dismissal of this action was without prejudice. Such dismissal permits Plaintiff to refile the action with the applicable filing fee, not to reopen the instant case. Therefore, the undersigned will recommend Plaintiff's motions to reopen this action be denied and that Plaintiff be advised he may file a new action with payment of the required filing fee.

### III.   CONCLUSION AND RECOMMENDATIONS

For the reasons set forth above, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motions to reopen this action (Docs. 48 & 49) be DENIED;
2. Plaintiff be advised he may file a new action with payment of the required filing fee should he wish to pursue his claims;
3. The Court will not consider any further filings in this closed case; and
4. The case remain closed.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written

objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **August 18, 2022**                    /s/ *Sheila K. Oberto*
                                                            UNITED STATES MAGISTRATE JUDGE